UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61232-SINGHAL/STRAUSS

**DEVONE DAMONT MOORE,**

    Plaintiff,

v.

**ALL STAR SECURITY SERVICES INC.,** *et al.***,**

    Defendants.
_____/

## ORDER VACATING CLERK'S ENTRY OF DEFAULT

THIS MATTER came before the Court on Defendants' Verified Motion to Vacate Clerk's Default ("Motion to Vacate") [DE 12].[1] I have reviewed the Motion to Vacate, the briefing thereon [DE 19, 26], and all other pertinent portions of the record.

## BACKGROUND

On July 13, 2024, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), alleging that his former employer owes him $15,653.25 in unpaid overtime wages. *See* [DE 1, 1-3]. Plaintiff also seeks to recover an equal amount ($15,653.25) in liquidated damages, as well as reasonable attorney's fees and costs. *See* [DE 1, 1-3].

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, this matter has been referred to me for disposition of all non-dispositive motions and for a report and recommendation on dispositive motions. I am entering an Order on the Motion to Vacate as it is non-dispositive. *See Unger v. Sogluizzo*, 673 F. App'x 250, 252 n.2 (3d Cir. 2016); *Pinkston v. Atlanta Reg'l Comm'n*, No. 1:07-CV-1197-WSD-RGV, 2007 WL 4224814, at *2 (N.D. Ga. Nov. 27, 2007); *Kryszak v. Norfolk S. Corp.*, No. 117CV00530JLSMJR, 2020 WL 1445478, at *1 (W.D.N.Y. Mar. 25, 2020). I do note, however, that the Motion to Vacate is combined with a motion to dismiss. Because Defendants' motion to dismiss seeks dispositive relief, I am issuing a separate Report and Recommendation on Defendants' motion to dismiss.

Defendants' response to the Complaint was due by August 12, 2024. *See* DE [4-6]. However, the parties engaged in settlement discussions, and Plaintiff's counsel agreed to an extension of time for Defendants to respond to the Complaint.[2] Initially, Plaintiff's counsel agreed to a 10-day extension. He subsequently agreed to an extension until settlement discussions concluded. However, Defendants never sought an extension of time from the Court. On the afternoon of August 26, 2024, Plaintiff's counsel terminated discussions and any further extension and also filed a Motion for Entry of Clerk's Default [DE 7]. The Clerk entered a Clerk's Default [DE 10] the following day.

During the period of time in which the parties were engaged in settlement discussions, Defendants initially communicated with Plaintiff's counsel. However, Defendants contacted Plaintiff directly on August 23, 2024 to discuss settlement, and on August 26, 2024, the parties entered into a Settlement Agreement, [DE 12] at 6-10, without Plaintiff's counsel's knowledge. It was after Plaintiff's counsel learned of the settlement that he apparently terminated any further extension and sought a default. On August 30, 2024, Defendants filed the instant Motion to Vacate seeking to vacate the Clerk's Default.

### LEGAL STANDARD

The Eleventh Circuit has "long expressed [its] 'strong policy of determining cases on their merits' when reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). As such, defaults are viewed with disfavor. *Rodriguez v. Powell*, 853 F. App'x 613, 616 (11th Cir. 2021) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). "But the defaulting

---

[2] Various facts herein are taken from the Motion to Vacate, which is verified. The Court accepts these facts as true for purposes of the Motion to Vacate because Plaintiff does not dispute them in his Response.

party still must offer a 'satisfactory reason' to set aside a default." *Id.* (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard is a "mutable standard" that varies "from situation to situation" and that "is not susceptible to a precise formula." *Perez*, 774 F.3d at 1337 n.7 (quoting *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). It is a liberal standard, but it must still have substance. *Id.* To determine whether good cause exists to vacate a default, "courts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense." *Id.* (citing *Compania*, 88 F.3d at 951). However, these factors are non-exhaustive. *See id.* "Depending on the circumstances, courts have also considered factors such as 'whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.'" *Id.* (quoting *Compania*, 88 F.3d at 951). Nonetheless, "where a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist." *Id.* (citing *Compania*, 88 F.3d at 951-52).

## DISCUSSION

Having considered the totality of the circumstances, including the relevant factors that apply, I find that good cause exists to vacate the Clerk's Default [DE 10].

The decision to vacate the default here is not difficult.[3] First and foremost, Defendants' default was not willful or culpable, and Defendants did not intentionally or willfully disregard this

---

[3] In the Motion to Vacate, Defendants fail to provide a memorandum of law or to cite any case law (they only cite law in their Reply). Therefore, the Court has discretion to deny the Motion to Vacate. *See, e.g.*, *Turner v. Rocket Mortg., LLC*, No. 22-CV-23028, 2023 WL 7003283, at *1

proceeding. Defendants had obtained an extension of time to respond to the Complaint from Plaintiff's counsel, and that extension was terminated on the same day that Plaintiff's counsel filed his default motion. It is true, as Plaintiff points out in his response, that Defendants should have filed a motion for extension of time with the Court. However, the fact that Defendants had not responded to the Complaint at the time default was entered because they had obtained extensions of time from Plaintiff's counsel and because they entered into a Settlement Agreement with Plaintiff,[4] prior to the filing of the default motion, show that Defendants' default was not willful or culpable.

Second, I find it significant that Defendants filed their Motion to Vacate only three days after default was entered. Simply stated, Defendants acted promptly to correct the default. Their prompt filing of the Motion to Vacate further demonstrates that they did not intend to ignore this proceeding and that their default was not willful.

---

(S.D. Fla. Oct. 24, 2023) ("The Motion is devoid of citation to any legal authority; such failure may be sufficient cause for the Court to deny it."); *Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2022 WL 4446229, at *7 (S.D. Fla. Aug. 17, 2022) ("[F]ailure to file a memorandum of law or cite supporting legal authority is grounds for denying a motion."). However, because it is evident that good cause exists to vacate the default (notwithstanding the Motion to Vacate's shortcomings), I will not deny the Motion to Vacate based on Defendants' failure to cite legal authority supporting their request.

[4] As discussed in my Report and Recommendation on Defendants' motion to dismiss, the Settlement Agreement is invalid. Additionally, I understand Plaintiff's and his counsel's frustrations. Defendants' apparent attempt to go behind Plaintiff's counsel's back to apparently pressure Plaintiff into compromising his FLSA claim is slippery to say the least. Nonetheless, I disagree with Plaintiff's characterization that vacating default amounts to rewarding Defendants for bad behavior. *See* [DE 19] at 8. Vacating the default (while denying Defendants' motion to dismiss, as I have separately recommended) merely places the parties back in the position they would have been in at the outset, in accordance with the Eleventh Circuit's "strong policy" in favor of resolving cases on the merits. Particularly given the lack of any apparent prejudice that Plaintiff would suffer, as discussed further below, good cause exists to vacate the default against Defendants.

Third, based on the parties' briefing, I cannot find that Plaintiff will be prejudiced if the default against Defendants is vacated. Notably, Plaintiff's response does not even contend that he would be prejudiced.

Ultimately, I find that good cause exists to vacate the default against Defendants based on the totality of the circumstances.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion to Vacate [DE 12] is **GRANTED**. The Clerk is directed to vacate the Clerk's Entry of Default [DE 10]. Because the Court finds good cause to vacate the Clerk's Entry of Default, it is further **ORDERED** that Plaintiff's Verified Motion for Default Judgment [DE 11] is **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of October 2024.

Jared M. Strauss
United States Magistrate Judge