UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61232-SINGHAL/STRAUSS

**DEVONE DAMONT MOORE,**

    Plaintiff,

v.

**ALL STAR SECURITY SERVICES INC.,** *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

THIS MATTER came before the Court upon Defendants' Motion for Dismissal with Prejudice ("Motion to Dismiss") [DE 12].[2] I have reviewed the Motion to Dismiss, the briefing thereon [DE 19, 26], and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion to Dismiss [DE 12] be **DENIED**.

## BACKGROUND

On July 13, 2024, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), alleging that his former employer owes him $15,653.25 in unpaid overtime wages. *See* [DE 1, 1-3]. Plaintiff also seeks to recover an equal amount ($15,653.25) in liquidated damages, as well as reasonable attorney's fees and costs. *See* [DE 1, 1-3].

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, this matter has been referred to me for disposition of all non-dispositive motions and for a report and recommendation on dispositive motions.

[2] The Motion to Dismiss is combined with a Motion to Vacate Clerk's Default. I have entered a separate Order granting the motion to vacate.

Since the commencement of this case, Plaintiff has been represented by counsel. Initially, Defendants engaged in settlement discussions with Plaintiff's counsel. Apparently unsatisfied with the progress of those settlement discussions, however, Defendants contacted Plaintiff directly (on August 23, 2024) to discuss settlement (without Plaintiff's counsel's knowledge). Defendants and Plaintiff reached an agreement (again, without Plaintiff's counsel's knowledge), and on August 26, 2024, they entered into a Settlement Agreement, [DE 12] at 6-10, pursuant to which Defendants agreed to pay Plaintiff $15,579 "[i]n full and final settlement of all existing or potential Claims between and among the parties." The Settlement Agreement also contains a mutual general release and provides for dismissal with prejudice, with each side to bear its own attorneys' fees and costs, following payment of the amount due under the Settlement Agreement. Defendants paid the full settlement amount ($15,579) to Plaintiff at the time the parties entered into the Settlement Agreement. Now, Defendants seek dismissal of this action in accordance with the parties' Settlement Agreement. Plaintiff and his counsel oppose Defendants' request. *See* [DE 19, 19-2].

## **DISCUSSION**

Defendants' request for dismissal should be denied. As an initial matter, the Motion to Dismiss does not cite any legal authority in support of Defendants' request for dismissal or include a memorandum of law as required under Local Rule 7.1(a)(1). That shortcoming alone provides sufficient grounds upon which to deny the Motion to Dismiss. *See, e.g.*, *Turner v. Rocket Mortg., LLC*, No. 22-CV-23028, 2023 WL 7003283, at *1 (S.D. Fla. Oct. 24, 2023) ("The Motion is devoid of citation to any legal authority; such failure may be sufficient cause for the Court to deny it."); *Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2022 WL 4446229, at *7 (S.D. Fla. Aug.

17, 2022) ("[F]ailure to file a memorandum of law or cite supporting legal authority is grounds for denying a motion.").

At any rate, it is evident that the Motion to Dismiss should be denied on the merits. "[T]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees": (1) "under the supervision of the Secretary of Labor"; and (2) in lawsuits brought by employees to recover back wages under the FLSA where the parties present their proposed settlement to the court and the court "enter[s] a stipulated judgment after scrutinizing the settlement for fairness." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013) (quoting and citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).[3]

Neither side here contends that they entered into their Settlement Agreement under the supervision of the Secretary of Labor, so their settlement is only valid if this Court enters a stipulated judgment approving it. *Nall*, 723 F.3d at 1308. This Court, however, has not entered a stipulated judgment approving the parties' Settlement Agreement. Nor could it due to Plaintiff's counsel's objection to the Settlement Agreement, which was reached without counsel's knowledge or participation. *See id.* ("[I]t takes two (or more) to stipulate, and a judgment to which one side objects is not a stipulated one. . . . When a plaintiff's attorney asks the district court to reject a settlement agreement that was reached without the attorney's knowledge or participation, whatever else the judgment approving the agreement may be, it is not a 'stipulated judgment' within the

---

[3] *See also Lynn's Food*, 679 F.2d at 1355 ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.").

3

meaning of *Lynn's Food*."). Therefore, the parties' Settlement Agreement is invalid. Because it is invalid, it is not a basis for dismissal of this action.

In their reply, Defendants dispute that the FLSA applies to this action because, according to Defendants, there is no coverage under the FLSA (i.e., individual or enterprise coverage) and because Plaintiff was an independent contractor. Because Defendants contend that the FLSA does not apply, they argue that the Court is not required to scrutinize the parties' Settlement Agreement. But Defendants' assertions regarding coverage and Plaintiff's status as an independent contractor are disputed issues that will need to be resolved on the merits; the Court certainly cannot simply accept Defendants' assertions at face value at this stage and on this record.

Defendants' contention that Court approval is unnecessary is meritless (and, not surprisingly, Defendants have not cited a single case to support their contention). *Lynn's Food* makes clear that the Court must scrutinize a settlement for fairness "[w]hen employees bring a private action for back wages under the FLSA." 679 F.2d at 1353. It does not limit the need to scrutinize a settlement for fairness to cases where the parties agree that the FLSA applies. In fact, *Lynn's Food* specifically notes that one situation where the Court may approve a settlement agreement is where the parties reach a compromise that is reasonable because there is a dispute over, for example, coverage. *See id.* at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as *FLSA coverage* or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." (emphasis added)). In other words, it is when "a bona fide dispute over FLSA provisions" exists that the Court may approve a reasonable compromise entered into by the parties. *Id.* at 1355. If no bona fide dispute exists, Plaintiff would be entitled to recover, without compromise, all of his back wages, an equal amount

in liquidated damages, and his reasonable attorneys' fees. *See id.* at 1352 ("Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." (internal citations, quotation marks, and footnote omitted)); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions."); *Cruz v. Crime Prevention of Fla., LLC*, No. 22-21333-CIV, 2022 WL 22824883, at *1 (S.D. Fla. Aug. 18, 2022) ("When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as 'an additional equal amount as liquidated damages.' Unlike with many claims, parties may not bargain away the FLSA's protections. . . . Therefore, parties may not bargain away the right to liquidated damages." (internal citations omitted)).

In short, the Plaintiff hired counsel and brought this action under the FLSA. Absent supervision of the Secretary of Labor, the only way the parties can dispose of such an action with a compromised settlement is through a stipulated judgment following Court scrutiny of the settlement. Defendants cannot will this requirement away by asserting that the FLSA does not apply, particularly when the issue is clearly in dispute and the Plaintiff and his counsel object to approval of the settlement. The settlement, therefore, is invalid, and the Motion to Dismiss based on that settlement should be denied.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion to Dismiss [DE 12] be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Raag Singhal, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 31st day of October 2024.

*[signature]*
Jared M. Strauss
United States Magistrate Judge